```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 20-00450-RNO
James E. Hill                                                       Chapter 7
       Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-4          User: admin            Page 1 of 1           Date Rcvd: May 22, 2020
                              Form ID: 318           Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2020.
```
db             +James E. Hill,    116 First Street,    Westfield, PA 16950-1510
5298993        ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
                 (address filed with court:   Caine & Weiner,     P.O. Box 55848,    Sherman Oaks, CA 91411)
5298996        +First Commonwealth FCU,    257 Brodhead Road,    Bethlehem, Pa 18017-8938
5298997        #+Indigo Wireless,    64 Main Street,    Wellsboro, PA 16901-1504
5298998        +Michael F. Ratchford,    409 Lackawanna Avenue,    Scranton, PA 18503-2062
5298999        +Michael R. Nesfeder,    Fitzpatrick Lentz & Bubba, P.C.,    4001 Schoolhouse Lane, P.O. Box 219,
                 Center Valley, PA 18034-0219
5299000        +Pioneer Capital Solution,    P.O. Box 719,    Anoka, MN 55303-0727
5299001        +Progressive Insurance,    P.O. Box 43258,    Richmond Heig, OH 44143-0258
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +EDI: PRA.COM May 22 2020 23:08:00     PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5298994        +EDI: CAPITALONE.COM May 22 2020 23:08:00     Capital One Bank (USA) NA,    4851 Cox Road,
                 Glen Allen, VA 23060-6293
5298995        +EDI: CAPITALONE.COM May 22 2020 23:08:00     Capital One Bank USA NA,    P.O. Box 30281,
                 Salt Lake City, UT 84130-0281
5308448        +E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 22 2020 19:11:06     PA Department of Revenue,
                 Bankruptcy Division,    PO Box 280946,    Harrisburg, PA 17128-0946
5299002        +E-mail/Text: bankruptcyteam@quickenloans.com May 22 2020 19:11:11     Quicken Loans,
                 1050 Woodward Ave.,    Detroit, MI 48226-1906
5299463        +EDI: RMSC.COM May 22 2020 23:08:00     Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 6

                 ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2020 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    QUICKEN LOANS INC. bkgroup@kmllawgroup.com
              Lawrence G. Frank (Trustee)    lawrencegfrank@gmail.com, PA39@ecfcbis.com
              Stephen J. Banik    on behalf of Debtor 1 James E. Hill sjbe@frontiernet.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **James E. Hill** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  xxx–xx–0064 <br> EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |
| Debtor 2 <br> (Spouse, if filing) | _____ <br> First Name  Middle Name  Last Name | Social Security number or ITIN  \_ \_ \_ \_ <br> EIN  \_ \_–\_ \_ \_ \_ \_ \_ \_ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 4:20–bk–00450–RNO | |

# Order of Discharge                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

James E. Hill

**By the court:**  *Robt N. Opel II* (signature)

5/22/20

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: AutoDocketer, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**